IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HELFRICH, | : | |
| | : | Case No. 2:15-CV-1646 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| | : | |
| STATE OF OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on the motion of Defendants the State of Ohio and the Supreme Court of Ohio (collectively, "State Defendants") and Defendant Licking County, Ohio, to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. (Docs. 7 and 8.) For the reasons that follow, the Court **GRANTS** both motions to dismiss for lack of subject-matter jurisdiction.

### I.   BACKGROUND

Plaintiff James Helfrich commenced this *pro se* lawsuit against "Licking County, Licking County Prosecutor's Office" ("Licking County"), the State of Ohio, and the Supreme Court of Ohio on May 5, 2015. (Compl., Doc. 1 at 1.) Plaintiff states that in 2011, a state judge deemed him a vexatious litigator under Ohio Revised Code § 2323.52 "for filing improper documents" in legal proceedings and "for allegedly harassing Federal Judge Greg Frost." (*Id.* at ¶ 5 n.1.) That decision was upheld on appeal. (*Id.*) He alleges that the state courts have violated his constitutional rights to freedom of speech and to expose unethical conduct in the judicial system and fraud by attorneys and judges. (*Id.* at ¶ 8.) He states that the state trial court, through the Licking County Prosecutor, "has filed five contempt of court charges against" him. (*Id.* at ¶ 9.)

1

He also makes generic allegations against unspecified "Defendants," including an allegation that Defendants put him under house arrest and incarcerated him in retaliation for filing a previous lawsuit in federal court. (*Id.* at ¶ 10.)

Plaintiff further alleges that Ohio's vexatious-litigator statute, Ohio Revised Code § 2323.52, is unconstitutional, both on its face and as applied to him. (*Id.* at ¶¶ 3-4.) He alleges that the statute violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (*Id.* at ¶¶ 3, 4, 7, 11, 13-15.) Plaintiff asks the Court to award him damages for violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985; declare § 2323.52 unconstitutional; and review the Ohio Supreme Court for "violations of antitrust laws" due to the Ohio Supreme Court's role in overseeing the bar. (*Id.* at 9.)

Licking County and the State Defendants all moved to dismiss this action on the grounds that they are entitled to Eleventh Amendment immunity. (Docs. 7 and 8.) Alternatively, all Defendants contend that Plaintiff's facial constitutional challenge to Ohio Revised Code § 2323.52 fails as a matter of law and that his as-applied constitutional challenge is barred by the *Rooker-Feldman* doctrine. Finally, they contend that his remaining causes of action fail to state a claim for relief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to raise the defense of lack of subject-matter jurisdiction by motion. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of proving jurisdiction when subject matter jurisdiction is challenged under Rule 12(b)(1). *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir. 1986).

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations need not be detailed but must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A *pro se* complaint is "to be liberally construed" and "held to less stringent standards than a formal pleading drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

As a preliminary matter, Licking County asks the Court to dismiss the claims against it because a county, independent of its elected officials or agents, is not a proper defendant in a lawsuit. (Doc. 7 at 5.) Construing the complaint liberally as the Court is required to do for a *pro se* plaintiff, the Court finds that Plaintiff's naming of "Licking County, Licking County

3

Prosecutor's Office," constitutes a suit against the Licking County Prosecutor. Therefore, the Court declines to dismiss Licking County as a defendant on this basis. Even if the Court construes the complaint as suing the Licking County Prosecutor, however, the County Prosecutor is entitled to Eleventh Amendment immunity.

The Eleventh Amendment bars suits by private citizens against a state unless the state consents to such suit or there is express statutory waiver of immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). Eleventh Amendment immunity applies not only to suits against a state but also to those against "one of its agencies or departments." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Additionally, a suit against an individual in his or her official capacity is to be deemed an action against the state. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

There is no question that the Supreme Court of Ohio is an agency of the state. *See Pucci v. Nineteenth Dist Court*, 628 F.3d 752, 764 (6th Cir. 2010) (holding that the Michigan Supreme Court is an arm of the state and thus entitled to Eleventh Amendment immunity). Even if the Court construes the suit as against the individual Justices of the Ohio Supreme Court, those Justices are state officials acting in their official capacities. *Haller v. Lipps*, No. 1:11-cv-291, 2011 WL 7300284, at *6-7 (S.D. Ohio Dec. 28, 2011). Plaintiff effectively makes no argument against granting Eleventh Amendment immunity to the Supreme Court and the State of Ohio.

Likewise, the Licking County Prosecutor is a state official acting in his official capacity. Prosecutors act in their official capacities when performing prosecutorial functions such as prosecuting state criminal charges and enforcing state law or policy. *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Helfrich's allegation that the Licking County Prosecutor has filed five criminal contempt charges against him falls squarely within the

4

prosecutorial function. (Compl., Doc. 1 at ¶ 9.) Therefore, because the Licking County Prosecutor has acted as a state agent when prosecuting state criminal charges, the suit against him in his official capacity is to be treated as a suit against the state. *Pusey*, 11 F.3d at 657-58. Plaintiff's complaint against all Defendants must be dismissed because all Defendants are entitled to Eleventh Amendment immunity.

### B. Constitutionality of Ohio Rev. Code § 2323.52

#### 1. Facial Challenge

Helfrich brings both a facial challenge and an as-applied challenge to Ohio's vexatious litigator statute. The Sixth Circuit has held that the § 2323.52 does not violate the Due Process Clause or the Equal Protection Clause. *Hall v. Callahan*, 727 F.3d 450, 457 (6th Cir. 2013). Moreover, to the extent that Plaintiff protests that the vexatious litigator statute violates his First Amendment right to freedom of speech, the Sixth Circuit also held in *Hall* that vexatious conduct is not protected by the First Amendment, and that "constitutionally protected speech is not banned by the Statute because it does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit." *Id.* at 456-57; *see* Ohio Rev. Code § 2323.52(D). Helfrich will similarly retain his right to file lawsuits provided that they are not frivolous, as determined by the state court under the screening process of § 2323.52(F). Therefore, Helfrich's facial challenge to the vexatious litigator statute fails as a matter of law.

#### 2. As-Applied Challenge

To the extent that Plaintiff seeks a declaration that the statute is unconstitutional as applied to Plaintiff's prior state-court proceedings declaring him a vexatious litigator—which he alleges was done to retaliate against him—the Court lacks the jurisdiction to issue such a declaration under the *Rooker-Feldman* doctrine. Pursuant to *District of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009) (citation omitted). Federal plaintiffs are foreclosed by *Rooker-Feldman* only if "the source of the injury [is] from the state court judgment itself; a claim alleging another source of injury is an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006). Here, Helfrich alleges an injury from the state-court judgment declaring him a vexatious litigator, as well as subsequent state-court judgments screening his litigation and denying him the right to proceed, as allowed under the vexatious litigator statute, Ohio Rev. Code § 2323.52(F). (Compl.,Doc. 1 at ¶¶ 9-12.) In his memorandum in opposition to Defendants' motions to dismiss, he essentially concedes this point. (Doc. 11 at 2 ("[A]gents of the Defendants have used the statute in a retaliatory manner.").) Therefore, the Court lacks jurisdiction over Helfrich's as-applied constitutional challenge.

### C.  § 1983 and § 1985(3) Claims

Plaintiff brings a cause of action under 42 U.S.C. § 1985(3), which prohibits two or more persons from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." He alleges that Defendants have discriminated against him for his membership in the group of pro se litigants. (Doc. 11 at 7.) Plaintiff cannot state a claim for relief because the Sixth Circuit has held that a cognizable § 1985(3) claim must allege a conspiracy against: "1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'" *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (citing *Browder v. Tipton*, 630 F.2d 1149, 1150 (6th Cir. 1980)). *Pro se* litigants are not a

6

protected class. Nor has Plaintiff alleged that Defendants have conspired to deprive a class of *pro se* litigants of their fundamental rights. Plaintiff's § 1985(3) claim must fail.

As to his § 1983 claim, Plaintiff fails to identify a "person" subject to suit under § 1983, instead levying generic accusations against "Defendants." Neither the State of Ohio nor the Supreme Court of Ohio is a "person" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] state is not a person within the meaning of § 1983."); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) ("A state court is not a 'person' for purposes of 42 U.S.C. § 1983.").

Further, to the extent that Plaintiff seeks to state a § 1983 claim against the Licking County Prosecutor, he makes no allegations regarding how the prosecutor violated his rights. Instead, his allegations are directed at state judges and the courts generally. (*See* Doc. 1 at 3, 4, 5, 7.) Therefore, his complaint fails to allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### D. Antitrust Claim

Finally, Plaintiff asserts that the Supreme Court of Ohio has violated antitrust laws. (Doc. 1 at ¶¶ 18-19.) An allegation that the Ohio Supreme Court's "integrated Bar violates antitrust laws, Title 15 of the U.S. Code because there are financial gains as a result" is insufficient to state a claim for relief. Such a "'naked assertion' of antitrust injury" cannot survive a motion to dismiss. *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 451 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 557).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss. (Docs. 7 and 8.) Plaintiff's Complaint is **DISMISSED**. Accordingly, Defendant Licking County's

Motion to Impose Pre-Filing Restrictions Against Plaintiff (Doc. 19) and Plaintiff's Motion for This Court to Rule on Motions Relating to Defendant Licking County's Motion to Impose Pre-Filing Restrictions against Plaintiff (Doc. 20) are **MOOT**.  The Court declines to exercise its discretion to award attorney fees and costs to Defendant Licking County.  The clerk is directed to enter Judgment for Defendants.

    **IT IS SO ORDERED.**

                                        s/ Algenon L. Marbley  
                                        **ALGENON L. MARBLEY**  
                                        **UNITED STATES DISTRICT JUDGE**

**DATED:  February 26, 2016**