IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HELFRICH** | : | |
| | : | Case No. 2:15-cv-1646 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| **STATE OF OHIO**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff James Helfrich's Motion to Reconsider the Court's February 26, 2016 dismissal of Plaintiff's complaint (Doc. 25) and Motion to Certify Conflict between the Court's February 26, 2016 order and the Sixth Circuit's decision in *Hall v. Callahan*, 727 F.3d 450, 456-57 (6th Cir. 2013). (Doc. 26.) The Court **DENIES** both motions.

**I. BACKGROUND**

On May 5, 2015, Plaintiff, a *pro se* litigant, commenced suit against Defendants the State of Ohio, the Supreme Court of Ohio (collectively "State Defendants") and Licking County Prosecutor's Office ("Licking County"). (Compl., Doc. 1 at 1). In 2011, a state judge declared Plaintiff a vexatious litigator for "filing improper documents", and "allegedly harassing Federal Judge Frost." (Op. and Order, Doc 23 at 1.) That decision was upheld on appeal. *Id.* Plaintiff asserted that Defendants violated his constitutional rights when they declared him a vexatious litigator under Ohio Revised Code § 2323.52 and that the statute was unconstitutional on its face and as applied to him. (Compl., Doc. 1 at 2.)

1

On February 26, 2016, the Court granted Defendants' motion to dismiss for lack of subject-matter jurisdiction. Plaintiff has now filed a motion to reconsider and a motion to certify conflict. (Docs. 25-26.)

In Plaintiff's motion to reconsider, he requests that the Court revisit its February 26, 2016 Opinion and Order granting the motions to dismiss. Plaintiff believes that the decision was made in error and that "this Court has again[] shown prejudice towards a pro se litigant and violated its own rules and ignored the law." (Doc. 25 at 8.)

Plaintiff argues in his motion to certify conflict that the Court erred when it held that the following issues regarding the vexatious-litigator statute, Ohio Revised Code § 2323.52, were fully adjudicated in *Hall*: (1) that the permanency of the statute was constitutional; (2) that the statute did not violate the Fourteenth Amendment; and (3) that the statute did not violate the Takings Clause. (Doc. 26 at 1.)

## II. MOTION TO RECONSIDER

### A. Standard of Review

A court construes a motion to reconsider as a motion to alter or amend judgment pursuant to Rule 59(e). *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A motion to amend or alter judgment is permissible only if the movant can show that there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Such a motion is designed solely to "correct manifest errors of law or fact or to present newly discovered evidence." *Gascho v. Global Fitness Holdings*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). It is not, however, an opportunity for an unhappy litigant to reargue the same case in an effort to

procure a different result. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Due to the importance of finality in the justice system, a motion to reconsider should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016).

### B. Analysis

Plaintiff contends that Ohio Revised Code § 2323.52 is unconstitutional as applied to him in that it denies him the opportunity for an impartial trial, violates the Takings Clause, and remains in force for the remainder of his life. (Doc. 25 at 1). Plaintiff's argument essentially restates his opposition to Defendants' motion to dismiss, on which the Court has already ruled. The Court found that Plaintiff's as-applied constitutional challenge was barred by the *Rooker/Feldman* doctrine, which prevents a federal court from hearing cases when "the source of the injury [is] from the state court judgment itself." *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006). Plaintiff attempts to avoid the application of the *Rooker/Feldman* doctrine by stating that he does not want to overrule the state court judgment labeling him a vexatious litigator, but that the result of the judgment has deprived him of his constitutional rights. (Doc. 25 at 3). This is a distinction without a difference. Moreover, Plaintiff is merely seeking to reargue his case to procure a different result. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. The Court declines to reconsider its earlier decision that it lacks subject matter jurisdiction to hear Plaintiff's claim.

In the remainder of his motion, Plaintiff fails to present any clear error of law, new evidence, or other extraordinary circumstances which would warrant reconsideration of the Court's prior order. Accordingly, Plaintiff's motion to reconsider is **DENIED**.

### III. MOTION TO CERTIFY CONFLICT

Plaintiff's motion to certify conflict asks this Court to acknowledge that its Opinion and Order on February 26, 2016 conflicts with the decision of the Sixth Circuit in *Hall*.

### A. Standard of Review

Litigants in Ohio state courts may file a motion to certify conflict, but this course of action is not available in federal court.  Under § 3(B)(4), Article IV of the Ohio Constitution, an Ohio Court of Appeals, may, if it "find[s] that a judgment upon which [it] ha[s] agreed is in conflict with a judgment...by another court of appeals of the state…certify the record of the case to the Supreme Court of Ohio for review and final determination."  In the interest of fairness toward a *pro-se* litigant, however, the Court will construe Plaintiff's motion as one for certification, where the Court would, if granted, seek the guidance of the Supreme Court of Ohio on whether Ohio Revised Code § 2323.52 violates the Ohio Constitution.

Certification allows the Supreme Court of Ohio to provide direction on a complex issue of state law.  *See* Ohio S. Ct. Prac. R. 9.01(A) ("The Supreme Court [of Ohio] may answer a question of law certified to it by a court of the United States.  This rule is invoked if . . . there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.")  Certification should be invoked only when the "question is new and the state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995).  The decision to certify and seek assistance on unsettled state law "rests in the sound discretion of the federal court." *Rutherford v. Columbia Gas*, 575 F.3d 616, 628 (6th Cir. 2010) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

### B. Analysis

The Court, in its sound discretion, finds that the interpretation of Ohio Revised Code § 2323.52 is not an unsettled area of law. The Supreme Court of Ohio has itself already held that § 2323.52 is constitutional. *See Lisboa v. Fuerst*, 133 Ohio St. 3d 76, 77 (2012) (holding that Ohio Revised Code § 2323.52 is constitutional); *Mayer v. Bristow*, 740 N.E.2d 656, 670 (2000) ("we hold that Ohio Revised Code § 2323.52 is constitutional in its entirety"). The Court finds that the issue of law is well-settled and, thus, Plaintiffs motion for certification is **DENIED**.

To the extent that Plaintiff seeks to argue that this Court misapplied the Sixth Circuit's holding in *Hall*, he is incorrect. In *Hall*, the Sixth Circuit rejected a facial challenge to § 2323.52, and this Court relied on *Hall* when it dismissed Plaintiff's facial challenge. (Op. and Order, Doc. 23 at 5.) Moreover, the Court noted that Plaintiff would "retain his right to file lawsuits provided that they are not frivolous, as determined by the state court under the screening process of [Ohio Revised Code] § 2323.52(F)." (*Id.*) The Court correctly applied *Hall* to Plaintiff's facial constitutional challenge to § 2323.52.

### IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Certify Conflict and Motion to Reconsider.

**IT IS SO ORDERED.**

                 s/ Algenon L. Marbley
                 ALGENON L. MARBLEY
                 UNITED STATES DISTRICT JUDGE

**DATED: June 27, 2016**